IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE SMITH, <br> No. K56919, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW JOHNSON, and <br> DENNIS LARSON, <br><br> Defendants. | Case No. 16-cv-00377-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Ronnie Smith is an inmate currently housed at Robinson Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to his medical care while housed at Big Muddy River Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v.*

*Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint and supporting documentation, upon entry into the Illinois Department of Corrections Plaintiff reported that he had a hernia in his testicle. While housed at Big Muddy Correctional Center, Plaintiff went for over two years without medical treatment for his hernia, even though he constantly complained about the pain. Eventually, surgery was performed by Dr. Andrew Johnson at Crossroad Community Hospital in Mt. Vernon, Illinois.

Approximately one week after surgery Plaintiff developed a blood clot. He complained about the pain, but had to wait eight months before a second surgery was performed to insert a drain in his scrotum.

Plaintiff contends that, if his treating physician at Big Muddy, Dr. Dennis Larson of Wexford Health Sources, Inc., had promptly treated the hernia, surgery would not have required. Plaintiff further contends that, if a drainage tube had been inserted during the initial surgery, he would not have had to endure eight months of agony and a second surgery.

Dr. Dennis Larson and Dr. Andrew Johnson are named as defendants to this Section 1983 action. No remedy is sought in the complaint (*see* Doc. 1, p. 6).

## Discussion

The complaint must be dismissed for multiple reasons. First and foremost, no remedy is requested, as required by Federal Rule of Civil Procedure 8(a)(3). The complaint must be dismissed on that basis alone.

Relative to the allegations regarding Plaintiff's medical treatment, the Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff's hernia appears sufficiently serious and painful to implicate the Eighth Amendment.

Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior, the equivalent of criminal recklessness must ultimately

be proved. *Farmer v. Brennan,* 511 U.S. 825, 835-37 (1994). Relative to medical professionals, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton,* 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Physicians, however, are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir.2008); *see Duckworth v. Ahmad,* 532 F.3d 675, 682 (7th Cir. 2008). Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini,* 352 F.3d 328, 331(7th Cir. 2003); *Garvin v. Armstrong,* 236 F.3d 896,898 (7th Cir.2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques).

With all of that said, as a general matter, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. The *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Relative to Dr. Larson, Plaintiff's treating physician at Big Muddy River Correctional Center, at this early juncture the Court will assume that Dr. Johnson was aware of Plaintiff's hernia for two years before offering treatment. The length of time is

sufficient to suggest deliberate indifference. Thus, except for the lack of a requested remedy, an Eighth Amendment claim has been stated against Dr. Larson.

Dr. Johnson, the surgeon at Crossroads Community Hospital, is not mentioned by name in the narrative of the complaint. However, reading the complaint and supporting documents as a whole makes clear that Plaintiff is alleging that Dr. Johnson should have inserted a drain at the time of the first surgery. As pleaded, no more than negligence is suggested, which is insufficient to state an Eighth Amendment claim under the *Twombly* pleading standard.

It must also be noted that it is debatable whether Dr. Johnson is a state actor for purposes of Section 1983. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009). However, Dr. Johnson clearly was enlisted by the state prison to provide Plaintiff with medical care, which is sufficient at this stage.

The complaint will be dismissed without prejudice because no claim has been properly pleaded against Dr. Larson or Dr. Johnson. Plaintiff will be afforded an opportunity to amend the complaint to cure the pleading deficiencies.

## Motion for Counsel

Plaintiff has filed a motion for counsel (Doc. 3), which begs the question, Is Plaintiff capable of drafting a viable amended complaint without the assistance of counsel? *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015).

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C.

§ 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion only reflects that he is a pauper and cannot afford counsel, and that he has a partial high school education. There is no indication that he has made any attempt to secure representation. He also fails to offer any particular reason why he cannot proceed *pro se*. The medical issues are relatively easily pleaded. The complaint is clearly and concisely written, and the request for a remedy is easily cured by, for example, requesting compensatory damages. The Court has offered the relevant legal principles so that Plaintiff can assess whether there is a claim to be stated against Dr.

Johnson. For these reasons, the motion for counsel (Doc. 3) will be denied without prejudice.

### Motion for Service of Process at Government Expense

Plaintiff's motion for service of process at government expense (Doc. 4) will be denied as moot. First, the complaint is being dismissed, so there is nothing to be served upon Defendants at this time. Second, Plaintiff has been granted pauper status under 28 U.S.C. § 1915 (see Doc. 8) and, therefore, any viable amended complaint will be served upon Defendants at government expense, pursuant to 28 U.S.C. § 1915(d).

### Disposition

**IT IS HEREBY ORDERED** that the **COMPLAINT** (Doc. 1) and Defendants **ANDREW JOHNSON and DENNIS LARSON** are **DISMISSED without prejudice** because Plaintiff has failed to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that on or before **June 10, 2016**, Plaintiff shall file an amended complaint. Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action and all Defendants with prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g) for having failed to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice** and Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the

Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  April 29, 2016**

                                                      *s/ Michael J. Reagan*
                                                    **MICHAEL J. REAGAN**
                                                    **CHIEF JUDGE**
                                                    **UNITED STATES DISTRICT COURT**