IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE SMITH, )<br>No. K56919, )<br>)<br>      Plaintiff, )<br>)<br> vs. )<br>)<br>ANDREW JOHNSON, and )<br>DENNIS LARSON, )<br>)<br>      Defendants. ) | Case No. 16-cv-00377-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Ronnie Smith is an inmate currently housed at Robinson Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to his medical care while housed at Big Muddy River Correctional Center. Plaintiff originally filed his Complaint on April 5, 2016. (Doc. 1). It was dismissed without prejudice on May 2, 2016. (Doc. 10). Plaintiff filed an Amended Complaint on June 6, 2016. (Doc. 11).

This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the Amended Complaint and supporting documentation submitted with the original complaint, upon entry into the Illinois Department of Corrections on May 9, 2013, Plaintiff reported that he had a hernia in his testicle. (Doc. 1, p. 8). Plaintiff was transferred to Big Muddy Correctional Center on May 24, 2013, and subsequently went for over two years without medical treatment for his hernia, even though he constantly complained about the pain. (Doc. 1, p. 8). Eventually, surgery was performed by Dr. Andrew Johnson at Crossroad Community Hospital in Mt. Vernon, Illinois on March 11, 2015. (Doc. 1, p. 9).

Approximately one week after surgery Plaintiff developed a blood clot. He complained about the pain, but had to wait eight months before a second surgery was performed to insert a drain in his scrotum.

Plaintiff contends that, if his treating physician at Big Muddy, Dr. Dennis Larson of Wexford Health Sources, Inc., had promptly treated the hernia, surgery would not have required. (Doc. 11, p. 5). Plaintiff further contends that, if a drainage tube had been inserted during the initial surgery, he would not have had to endure eight months of agony and a second surgery. (Doc. 11, p. 5).

Dr. Dennis Larson and Dr. Andrew Johnson are named as defendants to this Section 1983 action. Plaintiff requests compensatory damages for his pain and suffering. (Doc. 11, p. 6).

## Discussion

Previously, the Court dismissed Plaintiff's Complaint because he failed to request a remedy, as required by Federal Rule of Civil Procedure 8(a)(3). (Doc. 10). Plaintiff has now corrected that error and requested compensatory damages for his pain and suffering. (Doc. 11).

Relative to the allegations regarding Plaintiff's medical treatment, the Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff's hernia appears sufficiently serious and painful to implicate the Eighth Amendment.

Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior, the equivalent of criminal recklessness must ultimately be proved. *Farmer v. Brennan,* 511 U.S. 825, 835-37 (1994). Relative to medical professionals, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton*, 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999). Physicians, however, are entitled to deference in treatment decisions "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood,* 512 F.3d 886, 894–95 (7th Cir.2008); *see Duckworth v. Ahmad,* 532 F.3d 675, 682 (7th Cir. 2008). Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini,* 352 F.3d 328, 331(7th Cir. 2003); *Garvin v. Armstrong,* 236 F.3d 896,898 (7th Cir.2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques).

With all of that said, as a general matter, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. The

*respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Plaintiff alleges that Dr. Larson, the doctor at Big Muddy Correctional Center, was aware of his hernia for two years, but continually told Plaintiff it did not require treatment. The length of time is sufficient to suggest deliberate indifference. Thus, an Eighth Amendment claim has been stated against Dr. Larson.

Plaintiff also alleges that Dr. Johnson, the surgeon at Crossroads Community Hospital caused him to have pain and suffering for two years and eight months. This allegation is not supported by Plaintiff's grievances, which make it clear that Dr. Johnson had no involvement in Plaintiff's care until his surgery on March 11, 2015. However, Plaintiff is alleging that Dr. Johnson should have inserted a drain at the time of the first surgery, which Plaintiff alleges would have spared him eight months of discomfort. Plaintiff has not made any allegations that Dr. Johnson knew that Plaintiff was suffering from post-operative complications or that he was likely to suffer from post-operative complications. As pleaded, no more than negligence is suggested, which is insufficient to state an Eighth Amendment claim under the *Twombly* pleading standard.

It must also be noted that it is debatable whether Dr. Johnson is a state actor for purposes of Section 1983. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009). However, Dr. Johnson clearly was enlisted by the state prison to provide Plaintiff with medical care, which is sufficient at this stage.

Plaintiff's has sufficiently pleaded a claim against Dr. Larson for deliberate indifference to his medical needs, and the Court will accordingly order service on Dr. Larson.  However, Plaintiff has not made a deliberate indifference claim against Dr. Johnson, and at this point he will once again be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Defendant **ANDREW JOHNSON** is **DISMISSED without prejudice** because Plaintiff has failed to state a claim against him upon which relief can be granted.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **DENNIS LARSON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.

Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will

not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED:  **July 27, 2016**

<u>s/ MICHAEL J. REAGAN</u>
**MICHAEL J. REAGAN**
**UNITED STATES CHIEF DISTRICT JUDGE**